**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EARLYN FRANCES HAYCRAFT,** )
)
**Plaintiff,** )
)
**v.** ) **Case No. 15-1228-JTM**
)
)
**LINCOLN MEADOWS APARTMENTS, et al.,** )
)
**Defendants.** )
)

**REPORT AND RECOMMENDATION**

Simultaneous with the filing of this order, the court granted plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 7.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

## Background[1]

From March 2010 through July 2012, plaintiff was a tenant at Ponderosa Apartments, owned and managed by Fidelity Management Corporation ("Fidelity"). But in June 2012, her behavior became erratic and other residents complained. As a result of numerous incidents, plaintiff was evicted from the apartment on July 31, 2012.[2] On July 1, 2013, plaintiff filed her first federal lawsuit in this court against defendant Fidelity in Case No. 13-1254-MLB-KGG. In that case she claimed she was evicted because she requested a wheelchair ramp for her apartment and her eviction amounted to discrimination in violation of the Americans with Disabilities Act (ADA) and the Fair Housing Act (FHA). After some discovery, at least two court hearings and an attempt at mediation, District Judge Monti L. Belot granted summary judgment to defendant Fidelity on July 9, 2014.[3] The court granted summary judgment on multiple bases, including: 1) Fidelity's presentation of uncontroverted evidence that it evicted plaintiff because she continuously interfered with other residents; and 2) plaintiff's failure to provide any evidence of pretext.[4]

At some time after the termination of the 2013 federal case, plaintiff filed a civil action in the Sedgwick County District Court, captioned *Earlyn Frances Haycraft v.*

---

[1] Unless otherwise indicated, the facts in this section are taken from plaintiff's Complaint (ECF No. 1) and documents filed in *Haycraft v. Fidelity Management Corp*., Case No. 13-1254-MLB-KGG. This information should not be construed as judicial findings or factual determinations.

[2] *See* Journal Entry of Judgment, Sedgwick County Case No. 12 LM 11873 (filed July 31, 2012), attached to Pl.'s Compl., ECF No. 1, at 11; *see also* Mem. and Order, ECF No. 84, Case No. 13-1254-MLB-KGG (filed July 9, 2014).

[3] Mem. and Order, ECF No. 84, Case No. 13-1254-MLB-KGG.

[4] *Id*. at 8-9.

*Lincoln Meadows Apartments, et al.*, Case No. 2015-CV-000290-TU.[5] That lawsuit also named Fidelity as a defendant. On July 10, 2015, Sedgwick County District Court Judge Timothy Henderson held a hearing in that action, granting defendant's motion to dismiss and finding as moot defendant's motions to quash two subpoenas apparently issued by plaintiff.[6] Two weeks later, plaintiff filed this case, again alleging discrimination under the ADA.

**Analysis**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines the action fails to state a claim on which relief may be granted. The court reviews the sufficiency of the complaint under the same standards as those used when the court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[7] Because plaintiff proceeds pro se, her pleadings must be liberally construed.[8] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[9] and the court cannot "take on the responsibility of serving as [her] attorney in

---

[5] The court takes judicial notice of the Sedgwick County action because the "facts in question are 'not subject to reasonable dispute;' . . . instead, they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Lozano v. Ashcroft,* 258 F.3d 1160, 1165 (10th Cir. 2001) (quoting Fed. R. Evid. 201(b) and citing *United States v. Burch,* 169 F.3d 666, 672 (10th Cir.1999)).

[6] Pl.'s Compl, ECF No. 1 at 2 (stating "On Friday, July 10th, Judge Timothy Henderson dismissed my case . . . "). *See also* www.dc18.org/courtscheduling/cvcal/cvjud20150710.pdf.

[7] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[8] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[9] *Id*.

constructing arguments and searching the record."[10] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[11]

Plaintiff's Complaint restates her claims from the 2013 federal case and her recent Sedgwick County case. Specifically, she states that she is "going back to federal court [to] file a new petition, that just reverses the two defendant[s]" and the Sedgwick County court indicated she could "come back to the Federal System and continue in the 10th Circuit."[12]

With regard to her previous federal court action, she now claims the court showed a "disregard for [her] rights." She asks the court to assign a different judge to this case, which has already occurred by virtue of random case assignment. The only new issue which did not appear in the 2013 case is the addition of Lincoln Meadows Apartments as a named defendant; however, plaintiff provides no details to support a claim against Lincoln Meadows Apartments.

The purpose of screening complaints under § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure

---

[10] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005)).
[11] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[12] Pl.'s Compl., ECF No. 1 at 2.

11."[13] After thorough screening of the Complaint, the undersigned finds it would be futile to allow plaintiff to amend her pleading and recommends this case be dismissed for failure to state a claim.

Plaintiff very clearly states this is an attempt for the court to review both the previous order in Case No. 13-1254-MLB-KGG and the order of the Sedgwick County District Court, and it would somehow "be a waste of time to remedy this miscarriage of justice by appeal."[14] However, this court is neither the proper forum for review of a state court decision nor a review of a decision by another judge in this district. Additionally, plaintiff supplies absolutely no facts which support a unique claim against Lincoln Meadows Apartments. A review of the complaint confirms plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[15] nor presents a rational argument on the facts or law in support of her claim.[16] It is therefore recommended the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

The court, in its discretion, may impose filing restrictions under certain circumstances on litigants who abuse the judicial process. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[17] The court therefore

---

[13] *Salem v. Kansas*, No. 15-2209-CM-JPO, 2015 WL 1886707, at *3 (D. Kan. Apr. 24, 2015) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir.2006) (internal quotation omitted)).

[14] Pl.'s Compl., ECF No. 1, at 2.

[15] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Graham v. Sec'y of Health & Human Servs.*, 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

[17] *Salem*, No. 15-2209-CM, 2015 WL 1886707, at *6 (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir.2006) (internal citations omitted)).

recommends plaintiff be placed on notice that "any future frivolous . . . or abusive filings will put [her] at risk of sanctions, including possible filing restrictions in this court."[18]

**IT IS THEREFORE RECOMMENDED** that plaintiff's Complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER RECOMMENDED** that District Judge J. Thomas Marten consider the imposition of filing restrictions on plaintiff's future filings regarding this set of facts and circumstances in order to protect the court from additional strain on its resources.

**IT IS FURTHER ORDERED** that a copy of these recommendations shall be mailed to plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[19]

---

[18] *Kenney v. Oklahoma*, 601 F. App'x 761 (10th Cir. 2015) (unpublished) (citing *See Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir.2008) (discussing the court's inherent authority to impose "comprehensive filing restrictions on litigants who have repeatedly abused the appellate process"). *See also Salem*, No. 15-2209-CM, 2015 WL 1886707, at *6 (discussing five factors for the court's consideration when determining whether filing restrictions are appropriate).

[19] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 30th day of September 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge